IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BARKLEY, INC. | ) | |
| | ) | |
|     Plaintiff and Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 13-01013-CV-W-JTM |
| GABRIEL BROTHERS, INC. and | ) | |
| RUGGED WEARHOUSE, INC., | ) | |
| | ) | |
|     Defendants and Counterclaimants. | ) | |

## ORDER

On October 5, 2012, Gabriel Brothers, Inc., and its affiliated company, Rugged Wearhouse, Inc. (collectively referred to as "Gabriel Brothers") entered into a seven-page Master Services Agreement ("MSA") with Barkley, Inc. ("Barkley"). Pursuant to the MSA, Barkley agreed to provide certain marketing and advertising services to Gabriel Brothers on a project-by-project basis. The business relationship between Barkley and Gabriel Brothers was short-lived and quickly led to litigation. Specifically, the present litigation was instituted by Barkley on September 4, 2013, when Barkley sued Gabriel Brothers in three counts: (1) an alleged breach of the MSA, (2) breach of an alleged agreement between the parties on April 5, 2013, and (3) unjust enrichment. In response, Gabriel Brothers counterclaimed asserting claims against Barkley for (1) breach of the MSA, and (2) unjust enrichment.

On November 20, 2014, following briefing by the parties and prior to the scheduled trial date, the Court denied Gabriel Brothers' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT SAM MEERS PURSUANT TO FEDERAL RULE OF EVIDENCE 702, denied Barkley's MOTION

FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE OF ACCORD AND SATISFACTION, denied Barkley's MOTION TO ENFORCE JUDICIAL ADMISSION, and granted Gabriel Brothers' DEFENDANTS AND COUNTER-CLAIMANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT. This latter ruling granted summary judgment to Gabriel Brothers on Barkley's claims for breach of the parties' MSA.

On December 4, 2014, the Court conducted a final pretrial conference with the parties. At that time, the Court granted in part Barkley's motion *in limine* and granted in part Gabriel Brothers' motion *in limine*. Thereafter from December 8, 2014 through December 11, 2014, the parties tried the case to a jury. On December 11, 2013, the jury returned a verdict in favor of Barkley on its breach of contract claim in the amount of $132,223.52.

Presently pending before the Court are Gabriel Brothers' motion to alter or amend [Doc. 135]; Barkley's motion for prejudgment interest [Doc. 138]; Gabriel Brothers' motion for attorneys' fees [Doc. 139], and Gabriel Brothers' renewed motion for judgment as a matter of law and motion for new trial [Doc. 141].

### A. Gabriel Brothers' motion to alter or amend

In its motion, Gabriel Brothers asserts that in ruling on dispositive motions prior to trial, the Court entered summary judgment in favor of Barkley on its claim (in Count II of its complaint) that Gabriel Brothers' breached an alleged agreement between the parties on April 5, 2013. As Gabriel Brothers notes, Barkley never sought summary judgment on that count. The Court rejects Gabriel Brothers' characterization and denies the motion to alter or amend.

Following the close of discovery, Gabriel Brothers filed a motion with the Court, in part, seeking a summary judgment against Barkley on its claims for breach of the alleged agreement of April 5, 2013. In Count II of its complaint, Barkley contended that, following the termination of the MSA by Gabriel Brothers, the parties reached an alternative contractual arrangement that

Gabriel Brothers subsequently breached. Following the termination, the parties entered into negotiations on a separation agreement.

In its complaint, Barkley alleged that an oral agreement was reached on April 5, 2013, whereby:

> [Gabriel Brothers] rather than paying the January [2013] Invoice and the monthly retainer for February, March 2013 plus the 90 day notice period under the 2013 Statement of Work [would] pay Barkley for the actual hours worked on various projects for [Gabriel Brothers].

To that end, in the summary judgment record, it was undisputed that on or about April 5, 2013, Barkley sent to Gabriel Brothers several third-party invoices as well as invoices for work actually done for Gabriel Brothers in February and March of 2013. It was also undisputed that Gabriel Brothers paid the third party vendors directly. However, Gabriel Brothers questioned some of the invoices for Barkley's work, as a result, and paid Barkley only $228,677.13 of the $366,900.65 that Barkley claimed it was owed. In Count II of its complaint, Barkley sought the remaining balance alleging that Gabriel Brothers breached the April 5 oral agreement. As noted, Gabriel Brothers sought summary judgment on this count, arguing that there was no meeting of the minds.

In examining Gabriel Brothers' "meeting of the minds" argument, the Court necessarily had to examine the parties' contentions surrounding the alleged April 5 oral agreement. Thus the Court noted:

> It does appear to be beyond dispute that the parties were working on an agreement to resolve their differences and that the agreement would entail Gabriel Brothers paying Barkley for "actual costs."[1] Gabriel Brothers believes that it has paid such actual costs by paying all third-party invoices and by paying those parts of Barkley's invoices that adequately reflected work done for Gabriel Brothers. Barkley, on the other hand, believes that the payment of

---

[1] This is the phrase used in the deposition of Gabriel Brothers' CEO Ken Seipel.

>   anything less than 100% of its invoiced amount is a failure to pay
>   actual costs.

The Court agreed with Gabriel Brothers that "[t]he existence of a contract necessitates a 'meeting of the minds' which the court determines by looking to the intention of the parties as expressed or manifested in their words or acts." *J.H. v. Brown,* 331 S.W.3d 692, 701–02 (Mo. App. [W.D.] 2011). Further, the essential terms of the contract must be capable of certain interpretation. *Ketcherside v. McLane,* 118 S.W.3d 631 636 (Mo. App. [S.D.] 2003). "That is, [the] terms of agreement must be sufficiently definite to enable the court to give it an exact meaning." *Id.* The issue thus raised by Gabriel Brothers' summary judgment motion was whether the parties had "a mutuality of assent or a meeting of the minds on the essential terms of a contract." *Id.* Inasmuch as Gabriel Brothers asked the Court to look at the issue, the Court did:

>   In this case, whether there was a meeting of the minds on the essential
>   elements of a separation agreement is a close call. . . . In this case,
>   there was an agreement that Gabriel Brothers would pay Barkley's
>   "actual costs." Keeping in mind that every agreement is overlain with
>   implied duties of good faith and fair dealing, the Court concludes that
>   there is a legitimate jury question as to the exact amount of what
>   Barkley's "actual costs" were, and whether Gabriel Brothers' partial
>   payment covered such costs (*i.e.*, whether Gabriel Brothers in fact
>   breached any agreement to pay actual costs).

Thus, the Court denied Gabriel Brothers' motion for summary judgment because of disputed facts.

Gabriel Brothers reads the Court's language as making a final determination that there was an agreement reached between the parties on April 5, 2013. To the contrary, the Court – in response to Gabriel Brothers' argument that there was no meeting of minds – found that there was evidence of a meeting of the minds sufficient to defeat a motion for summary judgment. It is axiomatic that "a district court's order denying summary judgment . . . is not a final decision." *Gardner v. Board of Police Commissioners,* 641 F.3d 947, 950 (8th Cir. 2011) (*citing* 28 U.S.C.

§ 1291). If Gabriel Brothers chose to be bound that the language of the summary judgment order in in its presentation of evidence, jury argument, and instructions, that was its litigation strategy.

### B. Barkley's motion for prejudgment interest

It is well-settled that contracting "[p]arties may also agree on a specific rate of interest which will control if it is not otherwise excessive under the law." *Doe Run Res. Corp. v. Certain Underwriters at Lloyd's London*, 400 S.W.3d 463, 476-77 (Mo. App. [E.D.] 2013). In this case, with regard to the April 5, 2013 agreement, the parties did not negotiate any terms or conditions with respect to prejudgment interest. However, prejudgment interest can be based only on either statute or contract. *Children Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 202-03 (Mo. App. [W.D.] 2006). Consequently, when no other provision for prejudgment interest has been agreed upon by the parties to a contract, the rate and conditions set for such interest as set in Missouri law control. In this case, Barkley seeks prejudgment interest of $25,640.80 on the amount of the verdict returned by the jury based on Missouri law which provides:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

MO. REV. STAT. § 408.020. Despite the broad language, prejudgment interest awards are constrained by legal precedent that holds statutory prejudgment interest may only be awarded where the underlying claim is liquidated. *Doe Run*, 400 S.W.3d at 477. To be liquidated, the prevailing party's claim must be fixed and determined or readily ascertainable by computation or a recognized standard. *Miller v. Gammon & Sons, Inc.,* 67 S.W.3d 613, 624 (Mo. App. [W.D.] 2001). Under controlling Missouri law, "[a] *bona fide* dispute as to the amount of damages

owed will result in the damages being classified as unliquidated." *Children Int'l,* 215 S.W.3d at 205.

In this case, the Court concludes that an award of prejudgment interest under Mo. Rev. Stat. § 408.020 is not appropriate.  While it is true that the jury found in favor of Barkley and gave Barkley everything it was asking from Gabriel Brothers in 2013 (*i.e.*, the full value of the Barkley's in-house invoices), it is also true that this was a legitimately disputed issue between the parties that ultimately required a jury to determine the amount left owing to Barkley.  As such the damages were not liquidated.  *Compare Children Int'l,* 215 S.W.3d at 205 (claim for the costs associated for outsourcing printing were unliquidated where the "[d]efendant produced a colorable, although unsuccessful, argument tending to show much of the costs . . . were not attributable to its unworkmanlike performance – they were attributable to a failure to mitigate damages" by the plaintiff).

### C.  Gabriel Brothers' motion for attorney's fees

The MSA between Barkley and Gabriel Brothers addressed attorney's fees in one specific provision:

> If any action at law or in equity shall be brought to construe or enforce this agreement, the prevailing party shall be entitled to recover from the other party its reasonable attorney's fees and other costs and expenses of litigation.

Gabriel Brothers – by virtue of prevailing on its summary judgment motion regarding Count I of Barkley's complaint (alleging a breach of the MSA by Gabriel Brothers), argues that it is the prevailing party insofar as there was a challenge to the MSA and, as such, Gabriel Brothers seeks over $303,000 in attorney's fees.   Barkley responds by noting that it prevailed on Gabriel Brothers' counterclaim alleging that Barkley breached the MSA and, thus both parties prevailed.

In determining a prevailing party, Missouri utilizes a "main issue" analysis and a "net-prevailing" party analysis. *DocMagic, Inc. v. Mortgage Partnership of America, L.L.C.*, 729 F.3d 808, 813 (8th Cir. 2013). Gabriel Brothers is not a prevailing party under either approach. Accordingly, the Court finds that Gabriel Brothers is not entitled to attorney's fees under the MSA.

### D. Gabriel Brothers' renewed motion for judgment as a matter of law and motion for a new trial

Finally, Gabriel Brothers seeks a Rule 50 judgment and/or a new trial, contending that the Court erred:

- In submitting a claim for breach of the April 5, 2013 agreement to the jury because Barkley failed to prove the agreement or any resulting damages,

- In excluding Gabriel Brothers' expert witness,

- In limiting the testimony of Gabriel Brothers Fed. R. Civ. P. 30(b)(6) representative,

- In instructing the jury that the parties had an agreement to pay "actual costs," and

- In failing to submit Gabriel Brothers' defenses and counterclaims to the jury.

Having reviewed the arguments advanced by Gabriel Brothers, the Court denies the motions. The Court continues to believe that there was sufficient evidence for a reasonable juror to find that the parties reached an agreement on April 5, 2013 agreement, the agreement was breached, and Barkley sustained damages. With regard to evidentiary and instructional issues, the Court continues to adhere to the contemporaneous rulings made at trial and, further, does not find that any of the alleged errors was so prejudicial so as to have affected the outcome of the trial.

Accordingly, in light of the foregoing discussion, it is

**ORDERED** that Gabriel Brothers' motion to alter or amend [Doc. 135]; Barkley's motion for prejudgment interest [Doc. 138]; Gabriel Brothers' motion for attorneys' fees [Doc. 139], and Gabriel Brothers' renewed motion for judgment as a matter of law and motion for new trial [doc. 141] are **DENIED**

                      */s/ John T. Maughmer*
                      **John T. Maughmer**
                    **United States Magistrate Judge**